**SO ORDERED.**

**SIGNED this 25 day of July, 2019.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOHN FRANKLIN SUGGS      CASE NO. 19-00323-5-SWH
                         CHAPTER 13

    DEBTOR

ORDER REGARDING OBJECTION TO HOMESTEAD EXEMPTION

The matters before the court are the Objection to Exemptions filed by Patricia H. Suggs ("Ms. Suggs") on February 22, 2019, Dkt. 11, and the Trustee's Objection to Debtor's Claim of Homestead Exemption filed on April 5, 2019, Dkt. 27. The debtor filed responses on March 4, 2019, Dkt. 12, and April 18, 2019, Dkt. 29. A hearing was held on May 2, 2019 in Raleigh, North Carolina, at the conclusion of which, the court took the matters under advisement.

BACKGROUND

John Franklin Suggs ("Mr. Suggs" or the "debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 24, 2019. The debtor jointly owns property located at 2416 Basil Drive, Raleigh, North Carolina (the "Basil Property") with his ex-wife, Ms. Suggs. The debtor claimed his interest in the Basil Property as exempt pursuant to N.C. Gen.

Stat. § 1C-1601(a)(1), commonly known as the "homestead exemption." Both the Chapter 13 Trustee and Ms. Suggs objected to the debtor's claim of exemption in the Basil Property.

The debtor and Ms. Suggs separated in March of 2010 at which time the debtor moved out of the Basil Property. Ms. Suggs continues to live at the Basil Property, and it is undisputed that the debtor does not live at the Basil Property; the debtor lives at 1003 Seawell Drive in Wake Forest, North Carolina which is owned by the debtor's current spouse. Ms. Suggs refinanced the Basil Property in December of 2010 becoming the sole payor of the mortgage.

On November 26, 2012, the debtor and Ms. Suggs entered into a Separation Agreement. Under Article III of the Separation Agreement, Ms. Suggs is defined as "a dependent spouse as defined by N.C.G.S. 50-16.1A(2) . . . ." The Separation Agreement states that Ms. Suggs will have exclusive and sole possession of the Basil Property until May of 2015 (at which time the parties would review the market conditions and selling options) and that the debtor would continue to be responsible for the following household expenses: "electric bill, water bill, cable and internet bill, gas bill, and that portion of the mortgage that is escrowed for taxes and insurance totaling approximately $300.00 per month." The debtor made these payments to Ms. Suggs under the Separation Agreement until May of 2015, at which time the debtor ceased making payments to Ms. Suggs.

Ms. Suggs filed a Proof of Claim in the debtor's bankruptcy case on April 4, 2019 (Proof of Claim 9-1). The amount claimed in the original Proof of Claim was $0.00. Ms. Suggs filed an amended Proof of Claim on June 25, 2019 claiming that $24,923.67 was owed to her under the Separation Agreement (Proof of Claim 9-2).

At the hearing, Ms. Suggs testified that she is employed and has not remarried. Since refinancing the Basil Property in 2010, Ms. Suggs has made all of the mortgage payments on the

Basil Property. Although, the debtor is under a continuing obligation to make payments to Ms. Suggs under the Separation Agreement, the debtor had not made a payment to Ms. Suggs since May of 2015.

## ISSUE AND PARTIES' POSITIONS

The sole issue before the court is whether the debtor's claim of the homestead exemption in the Basil Property pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) is proper. More specifically, the question is whether Ms. Suggs qualifies as a dependent of the debtor under the statute. Both Ms. Suggs and the Chapter 13 Trustee argue that the claim of exemption in the Basil Property is inappropriate because neither the debtor nor a dependent of the debtor resides at the Basil Property. Ms. Suggs and the Chapter 13 Trustee take the position that Ms. Suggs is not actually a dependent of the debtor. To the contrary, the debtor contends that pursuant to the Separation Agreement executed by the debtor and Ms. Suggs, Ms. Suggs is a dependent of the debtor. Thus, the debtor asserts that he is entitled to take an exemption because Ms. Suggs resides at the Basil Property.

## DISCUSSION

Under the Bankruptcy Code, a debtor may exempt certain assets from the bankruptcy estate. 11 U.S.C. § 522 (2019); *Law v. Siegel*, 134 S. Ct. 1188, 1192 (2014). Bankruptcy Rule 4003 governs the procedure for claiming exemptions. Fed. R. Bankr. P. 4003 (2019). After a debtor lists property claimed as exempt on the schedule of assets, a "party in interest" may file an objection to the list of property claimed as exempt.[1] Fed. R. Bankr. P. 4003(a)-(b). The

---

[1] At the hearing, counsel for the debtor argued that Ms. Suggs was not a "party in interest" because Ms. Suggs filed a $0.00 Proof of Claim (Proof of Claim 9-1). This argument is moot for two reasons. First, Ms. Suggs filed an amended Proof of Claim after the hearing in the amount of $24,923.67 (Proof of Claim 9-2). Second, the Chapter 13 Trustee objected to the claim of exemption on the same grounds as Ms. Suggs, and the Chapter 13 Trustee is clearly a "party in interest."

objecting party bears the burden of proving that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).

North Carolina has "opted out" of the federal exemptions, making the state exemptions applicable to debtors in bankruptcy. N.C. Gen. Stat. § 1C-1601(f) (2018). North Carolina's homestead exemption allows a debtor to claim as exempt the debtor's aggregate interest, not to exceed $35,000, in real or personal property "that the debtor or a dependent of the debtor uses as a residence." N.C. Gen. Stat. § 1C-1601(a)(1). When a debtor claims a state-created exemption, the exemption's scope is determined by state law. *Law v. Siegel*, 134 S. Ct. at 1196-97.

Exemption laws in North Carolina should be liberally construed in favor of the debtor. *In re Mims*, 49 B.R. 283, 286 (Bankr. E.D.N.C. 1985). Section 1C-1601(a) does not specifically define the term "dependent." However, Chapter 50 of the North Carolina General Statutes and North Carolina courts have defined "dependent spouse" as "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2); *In re Preston*, 428 B.R. 340, 343 (Bankr. W.D.N.C. 2009) (quoting *Vandiver v. Vandiver*, 274 S.E.2d 243, 250 (N.C. Ct. App. 1981)). "[T]he debtors' entitlement to the homestead exemption is determined as of the date of the petition." *In re Nelson*, No. 09-03593-8-SWH, 2010 WL 3911387, at *2 (Bankr. E.D.N.C. Oct. 1, 2010); *see also In re Preston*, 428 B.R. at 343 (finding that because the homestead exemption is written in the present tense ("uses"), only property being used as a residence at the petition date is subject to the homestead exemption).

The bankruptcy court for the Western District of North Carolina has addressed this issue before. *In re Preston*, 428 B.R. 340 (Bankr. W.D.N.C. 2009). In *Preston*, the debtor and her husband separated well before the debtor filed for bankruptcy. *Id.* at 343. On the petition date,

4

the debtor's husband was clearly subsisting without the debtor's support. *Id.* The bankruptcy court held that the debtor's estranged husband could not be considered a "dependent" for purposes of the homestead exemption. *Id.*

The case at hand presents the same issue as the one addressed in *Preston* but with a factual twist: the debtor and Ms. Suggs entered into a Separation Agreement that defines Ms. Suggs as a dependent spouse. That Separation Agreement remained in effect on the petition date. The court finds that regardless of any legal definition contained in the Separation Agreement, the inquiry under the homestead exemption remains the same: the court must look to whether actual dependency on the debtor existed on the petition date.

It is clear that on the petition date Ms. Suggs was independently supporting herself and had been without any assistance from the debtor since May of 2015. Ms. Suggs was not "actually substantially dependent" on the debtor on January 24, 2019. Ms. Suggs testified that she was employed, she had made all mortgage payments on the Basil Property since refinancing the property in 2010, and she had not received any money from the debtor since May of 2015.

This analysis is the most sensible reading of the homestead exemption. The homestead exemption is written in the present tense ("uses"). N.C. Gen. Stat. § 1C-1601(a)(1); *In re Preston*, 428 B.R. at 343. Moreover, the purpose of the North Carolina homestead exemption is "to secure debtors and their families the shelter of a homestead." *In re Regenhardt*, No. 17-01225-5-JNC, 2017 WL 3701217, at *3 (Bankr. E.D.N.C. Aug. 24, 2017) (citing *In re Cook*, No. 02-11321, 2003 WL 21790296, at *4 (Bankr. W.D.N.C. Mar. 4, 2003)). An inquiry that looks past or before the petition date to determine dependency does not promote the purpose of the homestead exemption.

The debtor's argument fully relies on the definition of Ms. Suggs as a dependent in the Separation Agreement. The debtor maintains that because on the petition date he had a continuing

5

obligation to make payments to Ms. Suggs under the Separation Agreement (even though he had not made those payments), she was still a dependent spouse. This outcome does not comport with the purpose behind the homestead exemption to secure the debtor or his family the shelter of a homestead. The debtor requests to claim a homestead exemption in a property where he does not reside. Since May of 2015, he has not made any payments to Ms. Suggs who resides there. The evidence indicates that she was not actually dependent upon the debtor on the petition date. The policy behind the homestead exemption would not be realized if the court was bound by findings of dependency made for different purposes at times other than the petition date. Actual dependency on the petition date is the appropriate inquiry.

Accordingly, the court finds that Ms. Suggs does not qualify as a "dependent" for purposes of the debtor claiming the homestead exemption in the Basil Property.

**IT IS THEREFORE ORDERED** that the objections to the debtor's claim of the homestead exemption in the Basil Property are **ALLOWED**, and the debtor's claim of the homestead exemption in the Basil Property is **DENIED.**

### END OF DOCUMENT